IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**HARTZELL HAYES**                                                    **PLAINTIFF**

**V.**                              **CASE NO. 5:17-CV-05121**

**WAL-MART STORES EAST, L.P.,**
**A SUBSIDIARY OF WAL-MART STORES, INC.,**
**D/B/A WAL-MART**                                                    **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court are the Motion to Transfer (Doc. 12) and Brief in Support (Doc. 13) filed by Defendant Wal-Mart Stores East, L.P., a Subsidiary of Wal-Mart Stores, Inc., d/b/a Wal-Mart's ("Walmart"); Plaintiff Hartzell Hayes's Response in Opposition (Doc. 15)—which was filed six days out of time but was nonetheless considered; and Walmart's Reply (Doc. 18). On December 18, 2017, the Court held a hearing on the Motion, and counsel for the parties presented oral argument. The Court granted the Motion from the bench. In the following Order, the reasons for the Court's decision are explained in greater detail. To the extent anything in this Order conflicts with statements made from the bench, this Order will control.

**I. BACKGROUND**

This case arises out of an incident that occurred on July 2, 2014, at a Walmart store located in Moultrie, Georgia. Mr. Hayes, a customer of Walmart, was riding in an electric shopping cart, attempting to navigate through an area of the store that was under construction. His electric cart struck a rotisserie "hot case" that he contends was "negligently placed," see Doc. 1, p. 2, and he suffered an injury to his knee. The Complaint claims that Walmart had knowledge of the dangerous condition of the hot case, yet did

nothing to ameliorate the potential danger to customers shopping in the area. Mr. Hayes seeks $95,000 from Walmart to compensate him for his medical bills, loss of earnings, and pain and suffering.

When Mr. Hayes filed the Complaint in this Court, he asserted as the basis for federal jurisdiction the fact that the parties are completely diverse and the amount in controversy exceeds $75,000. Mr. Hayes maintains that he is a citizen of Georgia, and that Walmart is a citizen of Arkansas, headquartered in Bentonville. On November 10, 2017, Walmart filed a Motion to Transfer the case to the Middle District of Georgia, citing the transfer statute at 28 U.S.C. § 1404(a), and arguing that the convenience of the parties and witnesses and the interest of justice all weigh in favor of transfer. Mr. Hayes opposes transfer, though he concedes that all the incidents set forth in his Complaint took place in Georgia, and that he, his medical providers, and all relevant witnesses reside in Georgia. Although he claims that he is willing to travel to Arkansas to litigate this case whenever his physical presence here is necessary, he points out that he thinks Walmart, a large and successful company, will be capable of shouldering all costs involved with transporting witnesses to this jurisdiction. Furthermore, he believes that these witnesses will not be required to travel to Arkansas in the end, as their deposition testimony may simply be read into the record—or, if recorded, played for the jury.

## II. LEGAL STANDARD

The change of venue statute, 28 U.S.C. § 1404(a), provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." Although the statute provides three general categories of factors that courts must consider when evaluating a

2

motion to transfer, *Terra Int'l v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997), the Eighth Circuit has declined to offer an exhaustive list, *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010). Rather, district courts possess the discretion under section 1404(a) "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Moreover, because "federal courts give considerable deference to a plaintiff's choice of forum . . . the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra Int'l*, 119 F.3d at 695.

As a threshold matter, the Court must satisfy itself that the Middle District of Georgia, the requested transferee venue, is a district where this action originally could have been brought. 28 U.S.C. § 1404(a). Under the general venue statute, 28 U.S.C. § 1391(b)(2), venue is proper in, among other places, "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Since the injury in question took place in a Walmart store located in the Middle District of Georgia, venue is proper there.

Now that this threshold inquiry has been satisfied, the Court must next determine whether transfer is warranted "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The Court will separate its analysis into a "convenience" section and an "interest of justice" section.

### III. DISCUSSION

#### A. Convenience Factors

Courts consider several relevant factors that directly bear upon the convenience of

litigating in a particular court. These factors include: 1) the convenience of the parties, 2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, 3) the accessibility to records and documents, 4) the location where the conduct complained of occurred, and 5) the applicability of each forum state's substantive law. *Terra Int'l*, 119 F.3d at 696. Of the convenience factors, many courts consider the convenience of witnesses to be the most important. *See* 15 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Fed. Practice and Procedure § 3851 n.1 (4th ed. 2017) (listing cases). The Court will consider each factor in turn.

### 1. Convenience of the Parties

Here, the convenience of the parties is neutral with respect to transfer. Walmart is headquartered in Arkansas, yet it advocates in favor of transfer to Georgia because it argues that, on balance, it would suffer greater inconvenience if it were denied the opportunity to subpoena witnesses located in Georgia who are outside the subpoena power of the Court. Mr. Hayes states that he is willing to travel to Arkansas, despite the fact that he lives in Georgia. The Court doubts it is actually more convenient for him to litigate this matter in Arkansas, but for purposes of this inquiry, the Court will take him at his word.

### 2. Convenience of Witnesses

This factor strongly weighs in favor of transfer to the Middle District of Georgia. Two current Walmart employees who are witnesses to the incident in question reside in Georgia. One former employee that may have been an eyewitness also lives in Georgia.

4

All of Mr. Hayes's medical treatment was provided in Georgia, so all of his medical providers reside there. Mr. Hayes has little to say in response to these facts. He posits that perhaps the Walmart-employee witnesses may not be inconvenienced by the Arkansas forum because "[t]heir depositions will be taken at a reasonable location, close to them; there is surveillance video available that may likely negate any need for them to travel to trial after providing deposition testimony; or if they were required to travel for trial, they would be traveling to the district where the Defendant has chosen to locate its' principal place of business . . . ." (Doc. 15, p. 4).

Mr. Hayes's assumption that the Walmart eyewitnesses will not be required to appear in person for trial is entirely unfounded. Even though these witnesses will likely be deposed in Georgia, the Court does not assume that their deposition testimony will be sufficient to present at trial, nor does the Court contemplate conducting an entire "trial by deposition" simply to satisfy Mr. Hayes's desire to litigate in Arkansas. Furthermore, the burden, expense, and time away from work and family that these witnesses will suffer in having to travel to Arkansas to testify cannot be ignored.

With respect to all the other witnesses—in particular, Mr. Hayes's medical providers—he cannot deny that they would certainly incur significant expense as well as time away from their medical practices if they were to appear in Arkansas for trial.

Finally, Mr. Hayes has no satisfactory response to Walmart's argument that *all* of the witnesses who will be needed to establish both liability and damages reside in Georgia and are likely outside the subpoena power of this Court. The convenience-of-the-witnesses factor—which is generally considered the most important of the factors—therefore weighs in favor of transfer.

### 3. Location of Documents and Evidence

The location of documents and evidence also appears to weigh in favor of transfer. While it is true that the digital age has made storage and transmission of evidence possible and less burdensome, courts still consider the location and access to evidence under the 1404(a) analysis. *See, e.g., In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008). Mr. Hayes agrees that the written records concerning his accident, the witness statements that were collected following the accident, and all of his medical records and bills are located in Georgia. *See* Doc. 15, p. 4.

### 4. Location Where Harmful Conduct Occurred

Since all of the allegedly negligent conduct took place in Georgia, this factor weighs in favor of transfer.

### 5. Application of State Substantive Law

The final factor to consider in the "convenience" analysis is the potential application of each jurisdiction's substantive law. Regardless of whether this case is transferred or remains here, Arkansas' choice-of-law rules will ultimately govern which state's substantive law applies. If the case were maintained here, this Court sitting in diversity would be bound to apply the forum state's substantive law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). That would mean that Arkansas' choice-of-law rules would apply. A similar result would occur if this case were transferred, as the Supreme Court held in *Van Dusen v. Barrack* that "the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue [as a] change of venue . . . should be, with respect to state law, but a change of courtrooms." 376 U.S. 612, 639

(1964).

Thus, in either case, it will be Arkansas' choice-of-law rules that govern which state's substantive law will apply. As the Arkansas Supreme Court indicated in *Ganey v. Kawasaki Motors Corp., USA*, Arkansas now relies both upon the doctrine of *lex loci delicti* and the Leflar choice-influencing factors in deciding which state's substantive law to apply. 366 Ark. 238, 251 (2006). It therefore seems likely that Arkansas' choice-of-law rules will eventually result in the application of Georgia substantive law to the underlying action—as that is where the alleged injury occurred, and as the Leflar factors likely would not change the analysis. *See Miller v. Pilgrim's Pride Corp.*, 366 F.3d 672, 674 (8th Cir. 2004) (listing the five Leflar factors: (1) predictability of results; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interests; and (5) application of the better rule of law). Thus, the Court finds that this factor also weighs in favor of transfer.[1]

## B. Interest of Justice Factors

In considering whether transfer is in the interest of justice, courts consider factors such as 1) judicial economy, 2) the plaintiff's initial forum choice, 3) the comparative costs to both parties of litigating in the different forums, 4) enforceability issues for any resulting judgment, 5) obstacles to a fair trial, 6) conflict of law concerns, and 7) the advantage of having a local court determine questions of local law. *Terra Int'l*, 119 F.3d at 696.

---

[1] Walmart observes in its reply brief that perhaps the reason why Mr. Hayes filed suit in the Western District of Arkansas was in an attempt to have Arkansas' three-year statute of limitations apply to his substantive claims, rather than Georgia's two-year statute of limitations. As explained herein, Arkansas' choice-of-law rules appear to militate in favor of applying Georgia's substantive law to this case.

### 1. Judicial Economy

Judicial economy concerns weigh strongly in favor of transfer. Courts in the Western District of Arkansas have held that "the administration of justice is served more efficiently when the action is litigated in the forum that more clearly encompasses the locus of operative facts." *Beijing Zhongyi Zhongbiao Elec. Info. Tech. v. Microsoft Corp.*, 2013 WL 3808009, at *5 (W.D. Ark. July 22, 2013); *see also Miller v. Christus St. Michael Health Sys.*, 2017 WL 2266887, at *4 (same). As noted above, the incident that is the subject of the Complaint occurred only in Georgia, making transfer to the Middle District of Georgia appropriate.

### 2. Plaintiff's Initial Forum Choice

As to Mr. Hayes's choice of forum, he has made clear his desire to litigate this case in Arkansas. He is, of course, correct that federal courts afford considerable deference to a plaintiff's initial choice of forum. However, courts, including those in this District, have held that when the conduct central to the complaint occurred outside of the chosen forum, plaintiff's initial choice is entitled to less weight. *Miller*, 2017 WL 2266887, at *4. Accordingly, although Mr. Hayes's initial choice of an Arkansas forum weighs against transfer and is an important consideration for the Court, it is not a dispositive factor and must be balanced against the other factors in determining whether to transfer.

### 3. Comparative Costs of Litigating

It is likely that it would be far more burdensome for Mr. Hayes to litigate in Arkansas than for Walmart, considering the imbalance of resources between the two parties. Nevertheless, Mr. Hayes argues that whatever costs he and his witnesses would incur in

traveling to Arkansas would likely be moot, since he believes the witnesses would not be required to be physically present for trial. As stated earlier, the Court rejects this assumption. This factor weighs in favor of transfer.

### 4. Enforcing Judgments, Conflicts of Laws, Obstacles to a Fair Trial

Neither party addressed this factor in their briefing. Upon due consideration, the Court finds that this factor is neutral with respect to transfer and is far outweighed by the other factors discussed herein.

### 5. Having a Local Court Decide Local Issues in Accordance with Local Law

The final interest-of-justice factor also favors transfer in the instant matter. Courts around the country have recognized that allowing a state to regulate allegedly negligent businesses operating within their boundaries is an important factor. Because Arkansas' choice-of-law rules, including reliance on *lex loci delicti*, likely militate in favor of applying Georgia law to the underlying causes of action, the Court finds that this factor weighs heavily in favor of a Georgia court deciding this local matter.

## IV. CONCLUSION

For the reasons explained herein, the Court finds that transfer of this matter is warranted "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Accordingly, **IT IS ORDERED** that Defendant Wal-Mart Stores East, L.P., a Subsidiary of Wal-Mart Stores, Inc., d/b/a Wal-Mart's Motion to Transfer (Doc. 12) is **GRANTED**, and the Clerk of Court is directed to immediately **TRANSFER THE CASE** to the Middle District of Georgia.

**IT IS SO ORDERED** on this 18th day of December, 2017.

　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　TIMOTHY L. BROOKS
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE